■ JOAN COLETTA et al., Respondents, v NEIL C. GOODMAN, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), dated August 6, 1980, which denied his motion for summary judgment and granted plaintiffs' cross motion to vacate a preclusion order. Order affirmed, without costs or disbursements. Plaintiffs' time to comply with the conditions in the order is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. No opinion. Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ JAMES E. CORBETT, SR., Respondent, v WILBUR K. SHERWOOD, Individually and as Sheriff of Orange County, Appellant-Respondent, et al., Defendants, and SPAULDING BAKERIES, INC., Respondent-Appellant. — In an action to recover damages for personal injuries, (1) defendant Sherwood, sued in his individual capacity and as Sheriff of Orange County, appeals from so much of an order of the Supreme Court, Orange County (Daronco, J.), dated August 7, 1980, as upon the motion of defendant Spaulding Bakeries, Inc., authorized service of an amended answer by Spaulding to plead a statutory indemnity cross claim pursuant to section 79-f of the Civil Rights Law and (2) defendant Spaulding cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment. Defendant Spaulding Bakeries, Inc.'s cross appeal is dismissed, without costs or disbursements. Said cross appeal was not properly perfected. Order reversed insofar as appealed from by Sherwood, without costs or disbursements, and the provision granting that branch of defendant Spaulding's motion that authorized service of an amended answer is deleted. Spaulding is granted leave to serve an amended answer once all references to "Orange County" are deleted therefrom in accordance herewith. Plaintiff alleged that he sustained certain injuries when he was directed by defendants Sherwood and Wade to undertake the repair of an electric sign at the Orange County Jail when he was an inmate there. Plaintiff further alleged that he was negligently transported by employees of Spaulding in one of its bread trucks from the jail to the hospital and that his injuries were thereby aggravated. Following service of its answer denying any negligence, Spaulding moved for summary judgment or, in the alternative for leave to serve an amended answer and for summary judgment thereon. The amended answer pleads a right of statutory indemnification pursuant to section 79-f of the Civil Rights Law against "the Orange County Sheriff's Department and/or Orange County".· Spaulding's failure to follow the time limitations of the statute (see Civil Rights Law, § 79-f, subd 2) constitutes a waiver of its right to implead Orange County. Since Spaulding has, however, already cross-claimed against the Sheriff of Orange County, and since the effect of the amended answer is merely to clarify the basis of its cross claim, service of the further amended answer as to the Sheriff would not be prejudicial. Leave is granted, therefore, to serve an amended answer in which every reference to the County of Orange qua County of Orange has been deleted. The cross appeal by defendant Spaulding Bakeries, Inc., must be dismissed since it was not properly perfected. However, if the cross appeal had been decided on the merits we would find that the branch of Spaulding's motion that seeks summary judgment was properly denied. There are issues of fact posed by plaintiff's examination before trial as to whether he incurred additional injuries in his trip to the hospital in defendant Spaulding's bakery truck that had been commandeered by defendant Sherwood or whether existing injuries were aggravated· thereby. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.